IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHARLES RAY MASON, } | |
| TDCJ-CID No. 1428894, } | |
| Petitioner, } | |
| v. } | CIVIL ACTION H-08-1289 |
| NATHANIEL QUARTERMAN., } | |
| Respondent. } | |

OPINION ON DISMISSAL

Petitioner Charles Ray Mason, a state inmate, seeks federal habeas relief pursuant to 28 U.S.C.§ 2254, from his conviction for aggravated assault with a deadly weapon, enhanced by two prior convictions. (Docket Entry No.1). Respondent has filed a motion for summary judgment (Docket Entry No.12), to which petitioner has filed a response. (Docket Entry No.13). After considering the pleadings and the entire record, the Court will grant respondent's summary judgment motion and deny petitioner federal habeas relief.

I. BACKGROUND AND PROCEDURAL HISTORY

On June 1, 2006, petitioner was indicted on a charge of aggravated assault with a deadly weapon, enhanced by two prior convictions. *Mason v. State*, No.01-07-00424-CR, Clerk's Record, page 7. On July 27, 2006, the judge in the 248th Criminal District Court of Harris County, Texas granted motions for a psychiatric examination regarding sanity and competency to stand trial. *Id.*, pages 16-17. On August 17, 2006, the psychologist, who conducted a competency evaluation, opined that petitioner was incompetent to stand trial. *Id.*, page 26. On August 29, 2006, the state district court found that petitioner was incompetent to stand trial and ordered petitioner be treated in a state mental hospital for not more than 120 days. *Id.*, page 28.

In mid-February, 2007, a psychiatrist at the Vernon Campus of the North Texas State Hospital opined that petitioner was competent to stand trial. *Id.*, pages 29-33. On April 3, 2007, the state district judge entered an order restoring petitioner's competency to stand trial. *Id.*, page 36. On same day, petitioner entered a negotiated plea of guilty to aggravated assault with a deadly weapon and a plea of true to two enhancement paragraphs. *Id.* at 39. After petitioner executed the Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, and the written Plea Admonishments, the state district judge sentenced petitioner in cause number 1060090 to thirty-five years confinement in the Texas Department of Criminal Justice-Correctional Institutions Division. *Id.*, page 45-46.

The state district court did not certify petitioner's right to appeal because his plea was negotiated. *Id.*, page 47. On April 20, 2007, petitioner filed a *pro-se* motion to withdraw his guilty plea on grounds that his plea was involuntary due to his mental illness and recent release from a mental hospital and no sanity or competency evaluation was done before he entered the plea. *Id.*, pages 51-52. He also filed a motion to appoint new counsel and a notice of appeal. *Id.*, pages 54-58. The state district court did not rule on petitioner's motions. On April 30, 2007, petitioner filed another motion to appoint counsel and another motion to withdraw his plea. *Id.*, pages 61-62, 64-65. Petitioner also filed another notice of appeal. *Id.*, pages 68-69. The state district court did not rule on petitioner's motions.

The First Court of Appeals for the State of Texas dismissed petitioner's direct appeal for want of jurisdiction because petitioner waived his right to appeal and by law, he was not entitled to an appeal from his negotiated plea. *Mason v. State*, No.01-07-00424-CR, 2007 WL 1633215 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Ex parte Mason*, Application No.18,806-02, pages 121-21. Petitioner did not file a petition for discretionary review.

Petitioner filed a state habeas application on December 17, 2007, seeking relief on the following grounds:

1. He was denied the effective assistance of counsel at trial because his trial counsel failed to:

    a. Acquire a mental health expert to determine if petitioner should enter a plea of not guilty by reason of insanity; and,

    b. Investigate and discover petitioner's psychiatric history; and,

    c. Object to petitioner not receiving a psychiatric examination for sanity before the plea colloquy.

2. The state district court abused its discretion by denying his motion to withdraw his guilty plea.

*Ex parte Mason*, Application No.18,806-02, pages 2-23. The state district court, sitting as a habeas court, recommended that relief be denied in its Findings of Fact, Conclusions of Law and Order. *Id.*, pages 103-04. The Texas Court of Criminal Appeals denied the application without written order on March 19, 2008. *Id*. at cover.

In the pending action, petitioner seeks federal habeas relief on the following grounds:

1. He was denied the effective assistance of counsel because his trial counsel:

    a. Failed to pursue a sanity evaluation even after one was ordered by the state district judge to determine if petitioner was sane at the time he committed the offense; and,

    b. Worked under a conflict of interest, *i.e.*, for the State's interests, by recruiting the assistance of a bailiff to badger petitioner into entering a negotiated plea, did not discuss an insanity defense with petitioner but urged him to enter a guilty plea, and delayed pre-trial hearings until petitioner could be persuaded to enter a guilty plea.

> 2. The state district court failed to rule on petitioner's *pro-se* motions, thereby depriving petitioner of his right to appeal these issues and have them reviewed by the federal courts.

(Docket Entry No.1).

Respondent moves for summary judgment on grounds that some of petitioner's claims are unexhausted and procedurally barred, and alternatively that petitioner's claims are without merit. (Docket Entry No.12).

II. STANDARD OF REVIEW

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *United States v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner

applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

In the context of federal habeas proceedings, adjudication "on the merits" is a term of art that refers to whether a court's disposition of the case was substantive as opposed to procedural. *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997). Under Texas law, denial of a habeas petition, as opposed to a dismissal, suggests that the state court's adjudication of claims asserted by the habeas petition was on the merits. *See Salazar v. Dretke*, 419 F.3d 384, 398-99 (5th Cir. 2005). Denial by the Texas Court of Criminal Appeals of a state habeas application without written order is an "adjudication on the merits" within the meaning of the federal habeas statute, where a procedural ground for denying the application does not appear in the state habeas record. *See Thompson v. Johnson*, 7 F.Supp.2d 848, 870 (S.D. Tex. 1998).

Where a petitioner's claim has been adjudicated on the merits, section 2254(d) holds that this Court shall not grant relief unless the state court's adjudication:

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor*, 529 U.S. 362, 411-13 (2000); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Courts are to review pure questions of law and mixed questions of law and fact under subsection (d)(1), and pure questions of fact under subsection (d)(2). *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).

"The standard is one of objective reasonableness." *Montoya*, 226 F.3d at 403-04 (quoting *Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring)). Under this standard, a federal

court's review is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v. Miller*, 255 F.3d 77, 86 (2nd Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers")).

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle. . . but unreasonably applies that principle to the facts of the prisoner's case." *Id.* To be unreasonable, the state decision must be more than merely incorrect. *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). A reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'" *Id.* Factual findings made by the state court in deciding a petitioner's claims are presumed correct, unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

Under the AEDPA, the petitioner retains the burden to prove that he is entitled to habeas corpus relief. *Williams*, 529 U.S. 362. While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules. *Smith*, 311 F.3d at 668 (citing Rule 11 of the Rules Governing

6

Section 554 Cases in District Courts). Therefore, section 2254 (e)(1), which mandates that findings of fact made by a state court are presumed correct, overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *Id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Id.*

A. Barred Claims

Respondent contends that petitioner's claims in the pending petition that his trial counsel operated under conflict of interest with respect to his representation of petitioner in pre-trial proceedings are un-exhausted and procedurally barred. (Docket Entry No.12).

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity. *Coleman v. Thompson*, 501 U.S. 722 (1991). Those statutes provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> \* \* \* \*

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (b)–(c). Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. *See Castille v. Peoples*, 489 U.S. 346 (1989); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). A claim is exhausted when a habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the applicant 'present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (quoting *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)). The substance of a federal claim is deemed 'fairly presented' in state court for purposes of the exhaustion doctrine only if the petitioner relies upon identical facts and legal theories in both of the state court proceeding and the action for federal habeas relief. *Picard v. Connor*, 404 U.S. 270, 275-75 (1971); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

Petitioner complained in his state habeas application that his trial counsel did not investigate an insanity defense by attempting to discover petitioner's history of mental illness and employing a mental health expert to determine if petitioner was insane at the time of the offense; he also complained that his trial counsel did not object that petitioner had not received a psychiatric examination regarding sanity issues before the plea hearing. *Ex parte Mason*, Application No.18,806-02, pages 2-23. Plaintiff claimed by these deficiencies, his guilty plea was unknowing and involuntary. *Id.*, page 20.

Like his state habeas application, petitioner complained in the pending petition that his trial counsel rendered constitutionally ineffective assistance of counsel by failing to pursue a sanity evaluation after one was ordered. Petitioner, however, did not complain in his state application, as he does in the pending federal petition, that his trial counsel operated under a conflict of interest, *i.e.,* his trial counsel coerced him or employed a bailiff to coerce him into entering a negotiated plea or delayed pre-trial hearings until petitioner could be persuaded to enter such a plea. Petitioner contends in his response to the motion for summary judgment that he did not intend to raise a new claim by his allegation that his trial counsel was operating under a conflict of interest; he claims that such language was an attempt to explain why trial counsel repeatedly insisted that petitioner enter a guilty plea and why trial counsel ignored the order for a sanity evaluation. (*Id.*, page 3). Petitioner concedes that his attorney did not conspire with the bailiff to coerce him to enter a guilty plea. (Docket Entry No.13, page 4).

The pleadings and the record show that petitioner did not present to the state habeas court claims that his trial counsel rendered constitutionally ineffective assistance by operating under a conflict of interest by failing to discuss with petitioner an insanity defense, by urging him to enter a guilty plea, by delaying pre-trial proceedings, or by recruiting a bailiff to coerce a guilty plea. Therefore, petitioner did not exhaust such claims in state court before bringing them in the pending federal petition.

Ordinarily, a federal habeas petition that contains unexhausted claims is dismissed, allowing the petitioner to return to the state forum to present his unexhausted claims. *Rose v. Lundy*, 455 U.S. 509 (1982). Respondent, however, contends such a result in this case would be futile because petitioner's unexhausted claims would be procedurally barred as an abuse of the writ under Texas law. (Docket Entry No.12).

9

On habeas review, a federal court may not consider a state inmate's claim if the state court based its rejection of that claim on an independent and adequate state ground. *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996). A procedural bar for federal habeas review also occurs if the court, to which a petitioner must present his claims to satisfy the exhaustion requirement, would now find the unexhausted claims procedurally barred. *Coleman,* 501 U.S. at 735 n.1.

Texas prohibits successive writs challenging the same conviction except in narrow circumstances. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a) (Vernon 2005). The Texas Court of Criminal Appeals will not consider the merits or grant relief on a subsequent habeas application unless the application contains sufficient specific facts establishing the following:

> (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

*Id.* The Texas Court of Criminal Appeals applies its abuse of the writ doctrine regularly and strictly. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (per curiam).

Petitioner's federal habeas petition does not contain specific facts to establish the "conflict-of-interest" claims in the pending habeas action could not have been raised in his state habeas petition or that he is innocent. Therefore, petitioner's unexhausted claims do not fit within the exceptions to the successive writ statute and would be procedurally defaulted in state court. *Coleman*, 501 U.S. at 735 n.1. Such a bar precludes this Court from reviewing petitioner's claims

absent a showing of cause for the default and actual prejudice attributable to the default. *Id.* at 750.

Petitioner has been given notice through respondent's motion for summary judgment that the Court would consider a dismissal of claims under the procedural default doctrine and has been given an opportunity to respond with any argument he may have opposing dismissal in a response to the motion for summary judgment. *See Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998). Petitioner, however, fails to address the default, the cause of the default, or prejudice resulting from the default in his response to the motion for summary judgment. (Docket Entry No.13). Accordingly, the Court will dismiss as procedurally barred petitioner's conflict-of-interest claim that his trial counsel was ineffective because he recruited a bailiff to badger petitioner into entering a negotiated plea, did not discuss the insanity defense but urged petitioner to enter a guilty plea, and delayed pre-trial hearings until petitioner entered such plea.

B. Involuntary Plea

Alternatively, respondent contends that to the extent that petitioner has exhausted his involuntary plea claim, petitioner, nevertheless, has failed to show that his guilty plea was involuntary. (Docket Entry No.12).

"To be valid, a guilty plea must be voluntary, knowing and intelligent. *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). The test for determining a guilty plea's validity is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). A court assessing the validity of a plea must look to "all of the relevant circumstances surrounding it and consider such factors as whether there is evidence of factual guilt." *Matthew v. Johnson*, 201

11

F.3d 353, 364-65 (5th Cir. 2000). The defendant must also have notice of the charges against him, understand the constitutional protections that he has waived, and have advice from competent counsel. *Washington*, 480 F.3d at 315 (citation omitted). Furthermore, the defendant must be competent, and the plea must "not be the product of 'actual or threatened physical harm, or ... mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." *Matthew*, 201 F.3d at 365 (quoting *Brady v. United States*, 397 U.S. 742, 750 (1962)). The trial court must inform the defendant of the consequences of his plea, but "the defendant need only understand the direct consequences of the plea; he need not be made aware of every consequence that, absent a plea of guilty, would not otherwise occur." *United States v. Hernandez*, 234 F.3d 252, 255 (5th Cir. 2000) (per curiam).

Petitioner does not claim that he did not receive real notice of the true nature of the charge against him, that he did not understand the charge against him or constitutional protections that he waived, or that he was induced or coerced by the State in any way to enter a guilty plea. Petitioner contends that he entered a guilty plea because his trial counsel coerced him to enter such plea. (Docket Entries No.1, No.13).

A guilty plea "and the ensuing conviction encompasses all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989). A plea of guilty amounts to more than a mere confession; it is instead "an admission that [the defendant] committed the crime charged against him." *Id*. at 570. A voluntary guilty plea waives all non-jurisdictional defects in the proceedings below except claims of ineffective assistance of counsel relating to the voluntariness of the plea.

12

*United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970)].

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also U.S. v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002) (holding "[a] plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction").

A guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970)). "Counsel is needed so that the accused may know precisely what he is doing, so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairly by the prosecution." *Argersinger v. Hamlin*, 407 U.S. 25, 34 (1972). Counsel's advice to a defendant to accept a proposed plea agreement, in light of the facts and circumstances of the case, is normally considered to be a strategic choice that rests within counsel's professional judgment. *See Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992).

To establish a claim that trial counsel's defective assistance rendered a plea involuntary, the petitioner must show that counsel's representation fell below an objective standard of reasonableness and a reasonable probability exists that, "but for counsel's errors, he

would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner's allegation that his attorney coerced him into pleading guilty rests on his contention that counsel did not request a sanity evaluation, although one was ordered by the court. (Docket Entry No.1). Petitioner claims in the pending application that instead of preparing an insanity defense by investigating petitioner's mental health issues and history, his trial counsel discussed nothing with petitioner, except for the negotiated plea, and delayed hearings to persuade him to enter such plea.[1]

The record, however, belies petitioner's complaint of deficient performance by his trial attorney. Petitioner executed a judicial confession and written admonishments, wherein he indicated that he understood the nature of the charges, the punishment range and the consequences of his plea. *Mason v. State*, No.01-07-00424-CR, Clerk's Record, pages 39-44. He initialed a paragraph in the admonishments that he was mentally competent, that he understood the nature of the charges against him, and that his plea was freely, knowingly, and voluntarily entered. *Id.* page 43. Petitioner further acknowledged in the written admonishments that trial counsel provided fully effective and competent representation and that he was "totally satisfied" with counsel's representation. *Id.* Such attestation carries a strong presumption of verity. *See Blackledge v. Allison,* 431 U.S. 63, 74 (1977).

Petitioner's trial counsel Randy Martin attested by affidavit in state habeas proceedings that he met with petitioner twice after petitioner returned to the Harris County Jail

---

[1] Although petitioner alleges in the pending petition that his trial counsel enlisted the assistance of the bailiff to coerce a plea, he denies that he raised such allegation in his response to the motion for summary judgment. (Docket Entries No.1, No.13). For this reason, the Court does not consider such allegation in its analysis of petitioner's involuntary plea claim.

from the state mental hospital. *Ex parte Mason*, Application No.18,806-02, page 73. Martin attested that on April 2, 2007, he and the Assistant District Attorney met with petitioner and decided to set the case for trial and signed a reset for a trial date of May 21, 2007.[2] *Id.* Thereafter, Martin left the courtroom. *Id.* Martin indicated that the bailiff later called him back to the court, where petitioner informed Martin that he wanted to enter a guilty plea and accept the State's plea bargain.[3] *Id.*, pages 73-74.

Attorney Martin also attested that he investigated the case by reading the State's file and by talking to petitioner, who was able to discuss the case. *Ex parte Mason*, Application No.18,806-02, page 74. Martin felt that petitioner was mentally competent and that he understood the court proceedings; therefore, he saw no need or benefit from another mental health expert other than those already involved in the case. *Id.* Martin further attested that, after reading the file and discussing the case with petitioner, he saw no reason or basis to pursue an insanity defense and there was no indication that petitioner was insane at the time of the aggravated assault. *Id.*

Petitioner presents no evidence that but for trial counsel's actions, he would not have entered a guilty plea, and no evidence that he was not guilty of the aggravated assault by reason of insanity.

---

[2] The state court record shows that petitioner appeared with Martin in court on April 3, 2007, and was found competent to stand trial; the state court record also shows that his trial was reset on May 21, 2007. *Mason v. State*, No.01-07-00424-CR, Clerk's Record, pages 36, 72. The state court record further shows that a discovery order was signed by the state district judge on the same day. *Id.*, pages 37-38.

[3] Petitioner states in his Memorandum attached to his petition that he refused to take a plea deal on April 2, 2007, when asked by his attorney regarding the same, and that a hearing was held to determine if he was competent to stand trial. (Docket Entry No.1-2, page 5). Trial was reset to May 21, 2007. (*Id.*). Petitioner was taken to a holding cell by a bailiff, who told petitioner to take the negotiated plea because if plaintiff went to trial, he could be given a life sentence due to a prior murder conviction. (*Id.*). Plaintiff claims the bailiff pressured him to enter the plea and petitioner eventually relented. (*Id.*). The bailiff told petitioner that his trial counsel had left already but that he would call him back. Less than one minute later, petitioner's trial counsel and the prosecutor appeared at his cell with papers to sign. (*Id.*).

The state district court, sitting as a habeas court, found Martin's affidavit to be credible and that his representation was sufficient to protect petitioner's right to reasonably effective assistance of counsel. *Id.* at 103. The state district court also found that petitioner failed to show that his guilty plea was involuntary, unlawfully induced, or made without an understanding of the charge against him. The Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. *Id.* at cover.

Petitioner presents no credible evidence to overcome this finding or the presumption that his trial counsel rendered reasonably effective legal assistance. Based on this record, the Court finds that petitioner has failed to show his entitlement to relief under the AEDPA standard with respect to his claim of an involuntary plea and his trial counsel's representation. To the extent that petitioner complains that his trial counsel was constitutionally ineffective aside from petitioner's involuntary plea claim, *i.e.*, counsel failed to pursue an insanity evaluation,[4] the Court finds that petitioner has waived such claim by his plea. *See Glinsey*, 209 F.3d at 392.

C. Trial Error

Petitioner complains that the state district court erred by failing to rule on his *pro-se* motions to appoint new counsel, to withdraw his plea, and to appeal his conviction. (Docket Entry No.1). Respondent correctly notes that petitioner's waived his claim that the state district court failed to rule on his pre-trial motions for new counsel by his plea. *See Broce*, 488 U.S. at

---

[4] Petitioner claims that at his first hearing on May 31, 2006, he told trial counsel that he suffered from many mental problems and did not remember doing the crime of which he was charged. (Docket Entry No.1-2, page 3). The psychologist who first examined petitioner for competency provisionally diagnosed him with two mental disorders but also noted that petitioner may be exaggerating his symptoms to some extent and "thus he should also be ruled out for malingering." *Mason v. State*, No.01-07-00424-CR, Clerk's Record, page 26. The psychologist concluded that although petitioner may be exaggerating his symptoms, petitioner appeared to suffer from "significant psychiatric problems," which needed to be addressed. *Id.*

16

573-74. The Court notes that petitioner failed to exhaust his claim that the state district court did not rule favorably on his notice of appeal in state court. Petitioner did not file a petition for discretionary review from the dismissal of his appeal for want of jurisdiction and did not raise the issue in his state habeas application.[5] *Ex parte Mason*, Application No.18,806-02, pages 8, 21-22. Moreover, petitioner states nothing in the present petition to show that waiver of his appeal was invalid. *See U.S. v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992) (defendant may validly waive right to appeal). Accordingly, petitioner fails to show that he is entitled to federal habeas relief on these claims.

Respondent further contends that petitioner's motions to withdraw his plea were correctly denied by operation of law as motions for new trial pursuant to Rule 21.8(c) of the Texas Rules of Appellate Procedure. (*Id.*).

Under Texas law, a defendant may withdraw his guilty plea for any reason as a matter of right until judgment has been pronounced or the case has been taken under advisement. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979). However, when a defendant decides to withdraw his guilty plea after the trial judge takes the case under advisement or pronounces judgment, the withdrawal of such plea is within the sound discretion of the trial court. *Labib v. State*, 239 S.W.3d 322, 331 (Tex. App.–Houston [1st Dist.] 2007, no pet.). A plea of guilty is not final until judgment is entered; in a guilty plea proceeding, judgment is entered after or simultaneous to the imposition of punishment. *Bowie v. State*, 135 S.W.3d 55, 64 (Tex. Crim. App. 2004). Because petitioner's sentence had been pronounced and judgment entered

---

[5] The state habeas court found that because petitioner failed to appeal his habeas claim of trial error, he was procedurally barred from raising the claim in his habeas application. *Ex parte Mason*, Application No. 18,806-02, page 104. The Texas Court of Criminal Appeals denied the application without written order.

when he filed the motions to withdraw his pleas, the matter whether to grant such motion was within the sound discretion of the state district court. *See Labib*, 239 S.W.3d at 331.

Under state law, a motion to withdraw a plea of guilty is the functional equivalent to a motion for new trial. *Id*. at 330; *State v. Evans*, 843 S.W.2d 576, 578 (Tex. Crim. App. 1992) (stating "motion to reconsider a plea . . . should more aptly have been called a motion for new trial"). Under Rule 21.8 of the Texas Rules of Appellate Procedure, a motion for new trial not timely ruled on by written order is deemed denied within seventy-five days after the imposition of sentence in open court. TEX. R. APP. PROC. 21.8; *see e.g., Freeman v. State*, No. 09-96-000257-CR, 1997 WL 465272 (Tex. App.—Beaumont, 1997, no pet.) (unpublished per curiam) (permitting motion to withdraw plea to be overruled by operation of law).

Petitioner points to no Supreme Court precedent holding that there is an absolute right to withdraw a guilty plea once it has been accepted. The Fifth Circuit has recognized that there is no such right. *See Glinsey*, 209 F.3d at 397. Before sentencing, the court may permit the withdrawal of a plea if the defendants shows any fair and just reason. *Id.* citing FED. R. CRIM. P. 32(e). After sentencing, a defendant seeking to withdraw a plea of guilty must show "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the demands of fair procedure." *United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). The decision to permit withdrawal of a plea of guilty is discretionary. *See United States v. Grant*, 117 F.3d 788, 789 (5th Cir. 1997).

The stringent test to withdraw a guilty plea after sentencing is not met here. Petitioner twice moved to withdraw his guilty plea on grounds that the state district court had not considered the evidence of the case and that his plea was not an intelligent and voluntary plea

because petitioner had just been released from a state mental hospital and no sanity or competency evaluation was done before he entered his plea. *Mason v. State*, No.01-07-00424-CR, Clerk's Record, pages 51-52, 61-62. The record, however, shows that the state district court restored his competency to stand trial based on the competency evaluation by a psychiatrist on the same day that petitioner entered his plea; therefore, the state district court could have reasonably concluded that petitioner was competent to enter a plea on that date. Moreover, as previously discussed, petitioner has not demonstrated that his guilty plea was involuntarily made or that he was actually prejudiced by the alleged deficient performance of his counsel. Furthermore, he has not presented evidence of his innocence. It follows that petitioner has not shown that the state district court erred by refusing to allow him to withdraw his guilty plea or that the denial of his state habeas application by the Texas Court of Criminal Appeals violated the AEDPA standard. Accordingly, respondent is entitled to summary judgment.

## III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether

the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability from this decision will not issue.

IV. CONCLUSION

Finding no unreasonable application of clearly established federal law in the record, the Court ORDERS the following:

1. Respondent's Motion for Summary Judgment (Docket Entry No.12) is GRANTED.

2. Petitioner's petition for federal habeas relief is DENIED.

3. A certificate of appealability is DENIED.

4. This habeas action is DISMISSED with prejudice.

5. All pending motions are DENIED as moot.

The Clerk will provide a copy to the parties.

SIGNED at Houston, Texas, this 20th day of July, 2009.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

20